**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE DIAZ, | No. 12-55678 |
| Petitioner-Appellant, | D.C. No. CV-09-147-RGK-RNB |
| v. | |
| LARRY SMALL, Warden | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Robert G. Klausner, District Judge, Presiding

Argued and Submitted August 26, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District Judge.[**]

Appellant Enrique Diaz appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction for first degree murder based

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

on ineffective assistance of counsel, and its denial of his request for a stay. We affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petition for habeas corpus relief that was adjudicated on the merits in state court cannot be granted unless the state's decision was "contrary to or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). In order to prevail on an ineffective assistance of counsel claim, a defendant must show (1) that his counsel's conduct was deficient and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the petitioner fails to establish either prong of the *Strickland* test, relief cannot be granted. *Id.* at 700. In order to establish prejudice, the petitioner must show that but for his attorney's error, it is substantially likely that the outcome of the proceeding would have been different. *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011). Here, Diaz argued that he received ineffective assistance of counsel at trial due to his attorney's alleged failure to investigate and present alibi witness evidence. However, Appellant did not present evidence that his counsel should have presented the alleged alibi witnesses, or that their potential testimony would have been substantially likely to change the verdict. Thus, we affirm the district court ruling.

A district court abuses its discretion in denying a request for a stay if the petitioner had good cause for his failure to present the new evidence in state court, has

not participated in any dilatory litigation tactics, and has a potentially meritorious claim. *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011). Here, Diaz contended that he had good cause for his failure to submit the witnesses' testimony to the state court because he was unable to locate and contact them while he was incarcerated. However, testimony given by another witness and by Diaz himself refuted this claim.[1]

Additionally, while Diaz asserted that his counsel's conduct was deficient because she failed to properly investigate and present alibi witness evidence, the testimony of counsel's investigator refuted that claim. The investigator testified that he did inquire into an alibi defense per the instructions of Diaz's counsel, and that he interviewed potential alibi witnesses.[2] Counsel testified that she was aware of the potential alibi defense, and made a strategic decision[3] to "go in another direction" due

---

[1] The district court found that it was likely that Diaz did have connections to Esperanza Alvarez while he was incarcerated because Diaz fathered a child with Alvarez's sister, and both Diaz and Alvarez had regular contact with Alvarez's sister. Further, Diaz testified during the evidentiary hearing that he knew he could "get ahold" of Louie Padilla.

[2] These interview subjects included Louie Padilla (whom Diaz told police that he was with the night of the murder), and Najia Meyers (who lived at the house where Diaz claimed to be the night of the murders).

[3] Under *Strickland*, counsel is given great deference in making strategic choices after conducting an investigation into the law and relevant facts. 466 U.S. at 690; *see also Gulbrandson v. Ryan*, 711 F.3d 1026, 1038 (9th Cir. 2013) (holding that defense counsel could have reasonably decided to exclude witness testimony as harmful given the circumstances).

3

to the unfavorable time line and location established by Diaz's statements and those of the witnesses interviewed. Thus, the new evidence would not have rendered his claim "potentially meritorious."

Accordingly, the district court properly found that claims of ineffective assistance of counsel and for a stay failed to satisfy the relevant standards under *Strickland* and *Gonzales*.

**AFFIRMED.**